IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 29, 2005

## STATE OF TENNESSEE v. EDGAR GOODWIN

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 247068      Rebecca Stern, Judge**

_____

**No. E2005-01116-CCA-R3-CD - Filed November 29, 2005**

_____

The defendant, Edgar Goodwin, was convicted of domestic aggravated assault and sentenced to eight years to be served on probation. Later, the trial court revoked probation and ordered the defendant to serve his sentence in the Department of Correction. In this appeal, the defendant contends that the trial court abused it discretion by revoking probation. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Ardena J. Garth, District Public Defender (at trial), and Donna Robinson Miller, Assistant District Public Defender (on appeal), Chattanooga, Tennessee, for the appellant, Edgar Goodwin.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William H. Cox, III, District Attorney General; and Bates Bryan, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 4, 2004, the defendant pled guilty to one count of domestic aggravated assault, a Class C felony. See Tenn. Code Ann. § 39-13-102(c) (2003). Pursuant to a plea agreement, the trial court imposed an eight-year sentence, all of which was to be served on probation. A probation violation warrant was filed approximately three months later, wherein it was alleged that the defendant had violated the conditions of his probation by failing to report, by failing to pay supervision fees, and by failing to "obey the laws of the United States as well as any municipal ordinances."

At the revocation hearing, Deidra Anderson of the Board of Probation and Parole testified that she had been assigned to the defendant's case shortly after he was placed on probation. She stated that the defendant had reported to her for the first time two weeks after the conviction but had

failed to report as required since that time. Ms. Anderson recalled that she received a report five days later that the defendant had been arrested for assault. She learned that he was arrested again two months later on a charge of theft over $500.

The defendant testified that his failure to report and his arrests on new charges stemmed from his homelessness and drug addiction. He claimed that he was innocent of the assault charge and that he had an alibi. He also contended that he was innocent of the theft charge, which, he claimed, was the result of a misunderstanding. The defendant acknowledged that he pled guilty to both offenses, despite his professed innocence, because he was promised that the sentences for those offenses would be served concurrently to his eight-year sentence. He admitted that he had failed to report to Ms. Anderson, explaining that he was addicted to crack cocaine, was homeless, and had "mental issues." The defendant asked that the trial court reinstate his probationary sentence so that he could attend an inpatient drug rehabilitation program.

At the conclusion of the hearing, the trial court revoked the defendant's probation on the basis of his failure to report and his new convictions. In this appeal, the defendant asserts that the trial court erred by revoking his probation.

Our general law provides that a trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e) (2003); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief can be granted only when "'the trial court's logic and reasoning [were] improper when viewed in light of the factual circumstances and relevant legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

In this instance, the defendant has been unable to establish that the trial judge did not exercise a conscientious and intelligent judgment. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). The defendant acknowledged that he had violated the terms of his probation. When a defendant has violated the terms of probation, the trial court may order incarceration for the entire balance of the sentence. Tenn. Code Ann. §§ 40-35-310, -311(e) (2003). The trial court's determination that the defendant serve a sentence of incarceration will not be overturned absent an abuse of discretion. See Harkins, 811 S.W.2d at 82.

The defendant admitted that he has a lengthy criminal history spanning two decades and including some thirty-one prior convictions. He was on probation for less than three weeks before committing another assault. While he claimed to be innocent of both the assault and a subsequent theft charge, he nevertheless pled guilty to both offenses. Under these circumstances, it is our view

that the trial court did not abuse its discretion by revoking probation and ordering the defendant to serve the balance of his sentence in the Department of Correction.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE